```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MIGUEL GONZALEZ,                                                       :
                                                                       :
                                                                       :
                           Petitioner,                                 :
                                                                       :    21 Civ. 2914 (JPC)
             -v-                                                       :
                                                                       :         ORDER
NEW YORK STATE DEPT. OF CORRECTIONS                                    :
COMMUNITY SUPERVISION,                                                 :
                                                                       :
                           Respondent.                                 :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On April 5, 2020, Petitioner Miguel Gonzalez, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. On July 22, 2021, Petitioner submitted an application for the appointment of counsel under 18 U.S.C. § 3006(A)(g). Dkt. 11. For the reasons stated below, Petitioner's application for counsel is DENIED.

While a habeas petitioner has no right to counsel, the Court has discretion, under the Criminal Justice Act ("CJA"), to appoint counsel for any person "seeking relief" under 28 U.S.C. § 2254 who "is financially unable to obtain adequate representation . . . [w]henever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the appointment of counsel is in the "interests of justice," courts in this District consider the same factors as applications under 28 U.S.C. § 1915. *McGrigg v. Killian*, No. 08 Civ. 6238 (RMB) (DF), 2009 WL 536048, at *1 (S.D.N.Y. Feb. 26, 2009). Accordingly, the Court must first determine if the *pro se* party's position is "likely to be of substance." *Cooper v. A. Sargenti Co., Ic.*, 877 F.2d 170, 172 (2d Cir. 1989) (internal quotation marks omitted); *see also Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). If so, the Court considers the petitioner's "ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual

investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172. In reviewing a request for counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant a request for counsel indiscriminately. *See id.*

Having considered the aforementioned factors, the Court concludes that Petitioner has not demonstrated that appointment of counsel would be in the "interests of justice." Accordingly, Petitioner's application for appointment of counsel is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion pending at Docket 11 and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: November 29, 2021
      New York, New York

                                                        JOHN P. CRONAN
                                               United States District Judge