```
                                                    ┌─────────────────────────┐
                                                    │ USDC SDNY               │
                                                    │ DOCUMENT                │
                                                    │ ELECTRONICALLY  FILED   │
UNITED STATES DISTRICT COURT                        │ DOC #:_____ │
SOUTHERN DISTRICT OF NEW YORK                       │ DATE FILED: 11/02/2022  │
                                                    └─────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————————————X

MIGUEL GONZALEZ,

                              Petitioner,                    **OPINION AND ORDER ON**
                                                             **MOTION TO STAY**
                    –against–
                                                             **21-CV-2914**
NEW YORK STATE DEPT. OF CORRECTIONS
COMMUNITY SUPERVISION,

                              Respondent.
——————————————————————————————————X

Before the Court is Petitioner Miguel Gonzalez ("Petitioner")'s Motion to Stay his

Petition for a Writ of Habeas Corpus ("Petition") pending resolution of his Criminal Procedure

Law ("CPL") § 440.10 motion.  For the reasons stated below, the Motion to Stay is GRANTED.

**BACKGROUND**

On December 24, 2015, Petitioner was convicted of manslaughter in the first degree,

gang assault in the first degree, assault in the first degree, and conspiracy in the fourth degree

after a jury trial in the New York Supreme Court, New York County.  Petitioner was sentenced to

fifteen years of imprisonment and five years of post-release supervision.

Petitioner appealed his conviction to the Appellate Division, First Department on

grounds of (1) prosecutorial misconduct, (2) juror misconduct, (3) insufficient evidence; and

(4) excessive and vindictive sentence.  (ECF No. 19, State Record "SR" 155.)  On October 1,

2019, the Appellate Division denied Petitioner's appeal.  *People v. Beniquez*, 176 A.D.3d 406

(2019).  On December 30, 2019, the Court of Appeals of New York denied leave to appeal the

Appellate Division's determination.  *People v. Gonzalez*, 34 N.Y.3d 1078 (2019).

1

On March 18, 2021, Petitioner timely filed his habeas Petition ("Petition").[1]  The Petition

asserts as grounds for relief the same four grounds Petitioner raised on direct appeal.  In

addition, the Petition asserts two new grounds: (1) denial of due process in connection with the

court's revision of the trial transcript; and (2) ineffective assistance of counsel.  (Pet. 3.)

Respondent answered the Petition on December 7, 2021 (ECF No. 19), and on January 10, 2022,

Petitioner filed a Traverse (ECF No. 25).  The Traverse requested that the Court grant the

Petition or, in the alternative, hold the Petition in abeyance pending such time that Petitioner

could file a state court motion to vacate the conviction pursuant to CPL § 440.10.  (*Id.* at 9.)  The

Traverse did not specify why Petitioner had not yet filed a CPL § 440.10 motion.

Shortly thereafter, on February 9, 2022, Petitioner filed a CPL § 440.10 motion in state

court challenging his conviction on three grounds:  (1) ineffective assistance of counsel;

(2) prosecutorial misconduct; and (3) denial of due process as a result of the fact that a trial

transcript was not signed or certified.  (*See* ECF No. 33-2.)  The prosecutorial misconduct claim

had already been asserted and denied on Petitioner's direct appeal, but the ineffective

assistance of counsel and due process claims were not raised on the direct appeal.  As

described above, all three claims are also raised in the habeas Petition.

On August 8, 2022, the Court issued an order directing Respondent to state its position

as to whether the habeas action should be stayed pending resolution of the CPL § 440.10

---

[1]  There is a one-year statute of limitations for a state court prisoner to file a habeas petition.  28 U.S.C.
§ 2244(d)(1).  Absent certain exceptions not applicable here, the period runs from the date on which the
judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
*Id*.  When, as here, a petitioner in New York receives a decision from the Court of Appeals and does not petition
the United States Supreme Court for a writ of certiorari, the judgment becomes final ninety days after the Court
of Appeals issues its decision.  *Davis v. Lempke*, 767 F. App'x 151, 152 (2d Cir. 2019) (citation omitted).  Here, the
statute of limitations began to run on March 29, 2020, which is ninety days following the Court of Appeals'
denial of Petitioner's appeal.  The petition was timely filed within a year of that date.

motion.  (ECF No. 27.)  Respondent submitted a letter arguing that a stay is not appropriate because, in Respondent's view, the Petition is not "mixed," meaning it does not include any claims that were not already exhausted.  (ECF No. 30.)

On September 1, 2022, the Supreme Court of the City of New York issued a decision and order denying Petitioner's CPL § 440.10 motion.  (See ECF No. 33-2.)  The court held that Petitioner's claims were procedurally barred and meritless.  On October 29, 2022, a state court clerk mailed the order denying the CPL § 440.10 motion to Petitioner.  (See ECF No. 38-1.) Petitioner will have thirty days from receipt of the order to seek leave to appeal the decision, and if leave is granted, Petitioner will have fifteen days to file an appeal.  CPL § 460.10.

**LEGAL STANDARD**

In *Rhines v. Webber*, the Supreme Court held that a district court may in its discretion stay a habeas action pending exhaustion of claims in state court, but that it should do so only in "limited circumstances" so as not to undermine the "twin purposes" of the federal habeas statute: "encouraging finality" and "streamlining federal habeas proceedings." 544 U.S. 269, 277 (2005).  Specifically, the Supreme Court held that a district court may only stay a habeas petition pending exhaustion in state court if: (1) the petition is "mixed," *i.e.*, it includes both exhausted and unexhausted claims; (2) the petitioner had good cause for his failure to exhaust the unexhausted claims; (3) the unexhausted claims are not plainly meritless, and (4) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Id.*, at 278.

**ANALYSIS**

**1.  The Petition is Mixed**

Despite Respondent's argument to the contrary, the Petition is "mixed" in that it includes claims that are exhausted as well as claims that are unexhausted.

Before filing a habeas petition, a state prisoner must exhaust all available remedies in state court by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In New York, a Petitioner invokes "one complete round" of review by appealing an issue to the Appellate Division and then seeking leave to appeal to the New York Court of Appeals.  *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005).

Here, four of the claims asserted in the Petition—prosecutorial misconduct, juror misconduct, insufficient evidence; and excessive and vindictive sentence—are exhausted, because they were asserted in Petitioner's direct appeal and, upon denial of that appeal, Petitioner sought leave to appeal the denial.  However, two claims asserted in the Petition— ineffective assistance of counsel and due process—were not raised on direct appeal and so are not exhausted.  Petitioner raised these claims in his CPL § 440.10 motion, but to the Court's knowledge, as of the date of this Decision and Order, Petitioner has not sought leave to appeal the lower court's denial of that motion.  These claims will be exhausted once Petitioner has "present[ed] his . . . claim to the highest court of the state" by seeking leave to appeal.  *Id.* at 73.

Accordingly, the habeas Petition is "mixed."

### 2. There is Good Cause

In order to obtain a stay, Petitioner must show "good cause" for his failure to exhaust his as-yet unexhausted claims in state court prior to filing the Petition.  The Supreme Court and the Second Circuit have not defined the contours of "good cause" in this context, and district courts "have varied in their interpretations of the standard.'"  *Brooks v. Sticht*, 2022 WL 1190456, at \*10 (W.D.N.Y. Apr. 21, 2022) (citation omitted).  Numerous district courts in this Circuit have found that "good cause" only exists where some objective factor external to the petitioner accounts for his failure to exhaust his claims.  *See Ramdeo v. Phillips*, 2006 WL 297462, at \*5 (E.D.N.Y. Feb. 8, 2006) (collecting cases).  A handful of district courts have adopted a more expansive definition of "good cause" to include reasons internal to the petitioner, such as his reasonable confusion as to the proper procedure or the validity of certain claims.  *See, e.g. Whitley v. Ercole*, 509 F. Supp. 2d 410, 417-19 (S.D.N.Y. 2007); *Ramchair v. Conway*, 2005 WL 2786975, at \*18 (E.D.N.Y. Oct. 26, 2005), *adhered to*, 671 F. Supp. 2d 371 (E.D.N.Y. 2009)). Recently, district courts have found "good cause" in light of the upheavals caused by the COVID-19 pandemic.  *See, e.g. Moco v. Bell*, 2021 WL 4340960, at \*5 (S.D.N.Y. Sept. 22, 2021); *Ayala-Gonzalez v. New York*, 2022 WL 2834686, at \*3 (W.D.N.Y. July 20, 2022)*.*

Here, the majority of Petitioner's claims were exhausted on March 29, 2020, and accordingly, absent another state court filing tolling the statute of limitations, the deadline to file the Petition was March 28, 2021.  This period from March 29, 2020 until March 28, 2021 was the height of the COVID-19 pandemic and was a time in which it was especially difficult for state court prisoners to file CPL § 440.10 motions.  This was true for a variety of reasons, including prison lockdowns and a restriction on non-essential state court filings.  Disruptions

caused by the COVID-19 pandemic likely limited Petitioner's ability to file his CPL § 440.10 by

the March 28, 2021 deadline for the Petition.  This constitutes good cause for Petitioner's delay,

and the Court finds it was reasonable for Petitioner to file his Petition as soon as practicable in

order to preserve his claims, and then to file his CPL § 440.10 motion shortly thereafter.  *See*

*Pierre v. Ercole*, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009) (finding "good cause" where a

petitioner first filed a federal habeas petition to protect his unexhausted claims and soon

thereafter filed a CPL § 440.10 motion).

### 3.   The Unexhausted Claims are Not Plainly Meritless

At this stage, the Court cannot say Petitioner's unexhausted claims are "plainly

meritless."  *Rhines*, 544 U.S. at 277.  Petitioner has articulated federal claims that are generally

cognizable for federal habeas review – ineffective assistance of counsel and lack of due process.

He has also provided factual and legal briefing in support of these claims.  While the claims may

not ultimately succeed, the Court does not at this stage find them "plainly meritless" absent

further review and analysis, including consideration of any appellate decisions on the CPL

§ 440.10 motion and a brief from Respondent.

### 4.   There is No Indication Petitioner Engaged in Intentionally Dilatory Tactics

Respondent has not alleged that Petitioner is engaging in intentionally dilatory litigation

tactics, and the Court does not find that to be the case.  To the contrary, Petitioner's court

filings indicate that he is eager for his Petition to be heard.  (See, e.g. ECF No. 15.)

Accordingly, the four *Rhines* factors necessary for a stay are met here.

**5.   A Stay Will Necessarily be Short**

In considering whether to grant a stay, the Court finds it relevant that any delay caused by a stay will be minimal in light of the fact that Petitioner's CPL § 440.10 motion was already denied by the state court and Petitioner has a limited time in which to seek leave to appeal. Petitioner's claims will therefore likely be fully exhausted in a matter of months. Accordingly, the Supreme Court's concern for "encouraging finality" and "streamlining federal habeas proceedings" are not materially impacted by a stay in this instance. Moreover, a stay of the Petition will allow the Court to render a decision on these claims on the merits rather than on a procedural technicality. As such, the Court finds that a stay is appropriate.

## CONCLUSION

For the above reasons, the habeas Petition will be held in abeyance while Petitioner exhausts his ineffective assistance of counsel and lack of due process claims in state court.

**Petitioner shall update the Court once he has sought leave to appeal the denial of his CPL § 440.10 motion, _and_ shall again update the Court once he has received a decision from the Court of Appeals regarding whether his leave to appeal is granted.**

**Additionally, Respondent shall file a letter by December 15, 2022, updating the Court as to the status of Petitioner's state court appeal.**

**The Clerk of the Court is respectfully directed to mail a copy of this order to the Petitioner.**

SO ORDERED

Date: November 2, 2022
       New York, NY

_____
        KATHARINE H. PARKER
        United States Magistrate Judge